836 So.2d 484 (2002)
Darnell JOHNSON, Individually and in Their Own Right Whitney Jones, Kelly Jones, and Darnell Jones
v.
EVAN HALL SUGAR COOPERATIVE, INC., City of Donaldsonville, State of Louisiana Through the Department of Transportation and Development, and Eugene Gravois Services, Inc.
No. 2001 CA 2956.
Court of Appeal of Louisiana, First Circuit.
December 30, 2002.
*485 Sidney A. Marchand, III, Donaldsonville, for Defendant-Appellant Eugene Gravois Services, Inc.
Patricia J. Delpit, Egan, Johnson and Stiltner, Baton Rouge, Kristi S. Burnthorne, Lynn L. White, Taylor, Wellons, Politz and Duhe, New Orleans, for Defendant-Appellee Louisiana Workers' Compensation Corporation.
Before: PARRO, JAMES, and PATTERSON, JJ.[1]
PARRO, J.
Eugene Gravois Services, Inc. (Gravois) appeals a judgment that granted a motion for summary judgment filed by its insurer, Louisiana Workers' Compensation Corporation (LWCC), and dismissed Gravois' claims against LWCC for liability insurance coverage and defense of the lawsuit. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
This case arises out of a personal injury suit filed by Darnell Johnson against several defendants, claiming damages for back injuries he incurred in a one-vehicle accident while in the course and scope of his employment with Gravois. Johnson was driving a tractor-trailer rig and hauling a full load of sugar cane when the rig overturned, causing his injuries. His claim against Gravois is that it destroyed the allegedly defective trailer that Johnson claims was a cause of the accident, thus depriving him of his ability to pursue his claims against the owner and the manufacturer of the trailer.
Gravois filed a third-party claim against its liability insurer, LWCC, claiming LWCC was obligated to provide coverage for the claim and to provide a defense to the lawsuit under an employers liability insurance policy it had issued to Gravois.[2] LWCC denied that its policy provided coverage for Johnson's "spoliation of evidence" claim against Gravois, because the policy stated that it only covered "bodily injury caused by accident" and would only pay "damages because of bodily injury." LWCC filed a motion for summary judgment on this basis, which the district court granted, dismissing Gravois' claims against LWCC with prejudice. The judgment was designated by the court as a final judgment, and Gravois appealed.[3] The res *486 nova issues presented in this appeal are: (1) whether a spoliation of evidence claim is covered under a liability insurance policy covering only bodily injury caused by accident; and (2) whether the insurer owes its insured a defense to such a claim.

STANDARD OF REVIEW
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. West v. Clarendon Nat'l Ins. Co., 99-1687 (La. App. 1st Cir.7/31/00), 767 So.2d 877, 879. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2); Lee v. Grimmer, 99-2196 (La.App. 1st Cir.12/22/00), 775 So.2d 1223, 1225. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Perry v. City of Bogalusa, 00-2281 (La. App. 1st Cir.12/18/01), 804 So.2d 895, 899. Whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute which can be properly resolved within the framework of a motion for summary judgment. Doiron v. Louisiana Farm Bureau Mut. Ins. Co., 98-2818 (La. App. 1st Cir.2/18/00), 753 So.2d 357, 362 n. 2.

DISCUSSION
The allegations against Gravois in the petition are that on or about October 18, 1999, while driving a loaded rig for Gravois, Johnson was injured when the rig overturned. Johnson claimed a causative factor in the accident was that the Aztec trailer he was pulling was defective, in that it leaned to the right when fully loaded. He alleged in the petition that Gravois intentionally destroyed the trailer, with the sole intent of destroying evidence that would prove his injuries were partially caused by its defective condition. Johnson's petition further stated that Gravois knew the destruction of the trailer would reduce, if not eliminate, his recovery of damages from the owner of the trailer and its manufacturer.
LWCC supported its motion for summary judgment with a copy of the original petition and Gravois' answer and third-party demand, as well as a certified copy of the policy it issued to Gravois. The employers liability insurance section of the policy states, in pertinent part:
A. How This Insurance Applies
This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
* * *
B. We Will Pay
We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

*487 * * *
D. We Will Defend
We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.
We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.
The policy does not define "bodily injury." LWCC argued that the policy language was clear and that Johnson's claim in the petition was not one for "bodily injury by accident," but was a totally separate claim for economic injury caused, not by the accident, but by Gravois' alleged intentional interference with Johnson's underlying tort claim against third parties. Therefore, the LWCC liability policy provided no coverage and LWCC had no duty to defend these claims against Gravois.
An insurance policy is an agreement between the parties and should be interpreted according to the general rules of contract interpretation as set forth in the Louisiana Civil Code. Ledbetter v. Concord Gen. Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, 1169, decree amended, 95-0809 (La.4/18/96), 671 So.2d 915. When interpreting insurance contracts, the court's responsibility is to determine the parties' common intent. Louisiana Ins. Guar. v. Interstate Fire, 93-0911 (La.1/14/94), 630 So.2d 759, 763. The parties' intent, as reflected by the words of the policy, determines the extent of coverage. LSA-C.C. art.2045; Ledbetter, 665 So.2d at 1169.
However, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art.2046. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. LSA-C.C. art.2047; Ledbetter, 665 So.2d at 1169. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Ledbetter, 665 So.2d at 1169. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or to achieve an absurd conclusion. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose and enforce reasonable conditions on the policy obligations they contractually assume. Campbell v. Markel American Ins. Co., 00-1448 (La.App. 1st Cir.9/21/01), 822 So.2d 617, 623, writ denied, 01-2813 (La.1/4/02), 805 So.2d 204.
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. Yount v. Maisano, 627 So.2d 148, 153 (La.1993). The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless it is clear from the petition that the policy unambiguously excludes coverage. See Yount, 627 So.2d at 153. Thus, assuming all the allegations of the petition are true, if there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Prestage v. Clark, 97-0524 (La.App. 1st Cir.12/28/98), 723 So.2d 1086, 1092, writ denied, 99-0234 (La.3/26/99), 739 So.2d 800.
*488 This case is appropriate for a motion for summary judgment, in that no one claims that there are any factual matters in dispute; only legal issues concerning insurance policy interpretation are involved. In the employers liability insurance section of its policy, LWCC is obligated to provide coverage to Gravois for claims involving "bodily injury by accident" and to pay "damages because of bodily injury" to its employees. Although the policy does not define "bodily injury," these are common, ordinary words with no technical meaning. In the ordinary sense of the words, bodily injury means injury to the body. Kite v. Gus Kaplan Inc., 98-0751 (La.11/17/99), 747 So.2d 503, 514. According to a leading treatise on the subject, "bodily injury" means an "actual physical injury." William Shelby McKenzie & H. Alston Johnson, III, Insurance Law and Practice, § 163, p. 336, in 15 Louisiana Civil Law Treatise (2d ed.1996).
In this case, Johnson's "bodily injury" claims involve the damages he incurred as a direct result of the actual physical injury to his person.[4] The claim against Gravois is not derived from the injuries to his body; it is based on a completely separate incident that occurred sometime after the accident that caused his bodily injuries. The petition alleges that Gravois destroyed the trailer, thus depriving Johnson of his ability to prove his tort claims against other parties based on the allegedly defective condition of the trailer. Several recent cases have examined "spoliation of evidence" claims in the context of determining whether such a claim can be brought by an employee against his employer. In Pham v. Contico Int'l, Inc., 99-945 (La.App. 5th Cir.3/22/00), 759 So.2d 880, 882, the Fifth Circuit noted that, except for intentional acts, an employer is granted immunity from tort suits by an employee on account of an injury for which he is entitled to compensation under the workers' compensation statutes. The court distinguished the spoliation of evidence claim from the bodily injury claim, stating:
Pham's suit against the defendants is not on account of his injury, but is based upon the employer's post-accident conduct in failing to preserve evidence.
The court found, however, that Pham had not alleged an intentional act, nor had he alleged that the particular item of evidence had actually been destroyed or concealed, and thus had failed to state a cause of action against his employer(s) for spoliation of evidence. The Third Circuit concluded, in Bethea v. Modern Biomedical Svces, Inc., 97-332 (La.App. 3rd Cir.11/19/97), 704 So.2d 1227, 1233, that the plaintiff's cause of action against her employer for its failure to preserve evidence was not precluded by the general tort immunity given an employer. The issue was also examined by the Second Circuit in Carter v. Exide Corp., 27,358 (La.App. 2nd Cir.9/29/95), 661 So.2d 698. In that case, the plaintiff conceded that he could not recover tort damages from his employer for the work-related bodily injuries he had sustained when a battery exploded. However, he claimed his employer's tort immunity for such claims did not extend to its alleged post-accident failure to preserve the battery for inspection and use in third-party litigation, which involved "conduct occurring after and apart from, though admittedly with some factual ties to, the work accident." Carter, 661 So.2d at 704. The court agreed, remanding the *489 case to the trial court to allow the plaintiff to amend his petition to allege with more particularity his claim against his employer for failing to preserve the battery remains, after promising to do so.
This jurisprudence, while it does not directly address the issue before this court, recognizes that an employee's spoliation of evidence claim against his or her employer falls outside the general tort immunity granted by the workers' compensation statutes, because the claim is not "on account of an injury" for which the employee is entitled to compensation under those laws. As such, these cases are instructive in the matter we are reviewing. Here, there is no dispute that Johnson was paid workers' compensation benefits for the physical injuries to his person that occurred while he was in the course and scope of his employment. The claim he now asserts against Gravois is for economic injury in the form of a reduced or eliminated recovery from third parties for their fault in causing his accident. We conclude that this claim is different from Johnson's claims for damages because of bodily injury. As such, the LWCC employers liability insurance policy, which is limited to paying "damages because of bodily injury," does not cover this spoliation of evidence claim. Therefore, we find no legal error in the trial court's granting of LWCC's motion for summary judgment on the coverage issue.
Furthermore, the precise nature of Johnson's claim against Gravois can be determined from reading the allegations of his petition. Assuming all those allegations are true, it is clear from the petition that there is no coverage under the policy for Johnson's spoliation of evidence claim. Accordingly, the trial court did not err in dismissing Gravois' claim alleging LWCC owed it a defense in this lawsuit.

CONCLUSION
Based on the foregoing, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Gravois.
AFFIRMED.
NOTES
[1] Judge A. Clayton James, retired from the Twenty-Second Judicial District Court, and Michael A. Patterson are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.
[2] LWCC also provided workers' compensation insurance to Gravois, and it paid Johnson's medical expenses and workers' compensation benefits in accord with its policy. This appeal does not involve that coverage.
[3] The court stated that among its reasons for certifying the judgment as final was the fact that Gravois, a closely held family corporation, had a pressing need to have the issue of liability insurance coverage and defense determined, because the costs of defense are significant, the exposure to a substantial judgment exists, and the solvency and continued operation of the small corporation may be jeopardized. See LSA-C.C.P. art.1915.
[4] As an employee of Gravois, Johnson could not bring these bodily injury claims in a tort action against his employer; his exclusive remedy against Gravois for such claims is provided by the workers' compensation statutes. See LSA-R.S. 23:1032.