DENISE GAYLE WASSON
v.
ELMER LITCHFIELD, IN HIS OFFICIAL CAPACITY AS SHERIFF OF EAST BATON ROUGE PARISH & CITY OF BATON ROUGE & PARISH OF EAST BATON ROUGE.
No. 2008 CA 1983.
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication.
ALFRED B. SHAPIRO, Attorney for Plaintiff-Appellant Denise Gayle Wasson.
CYRUS J. GRECO, WILLIAM H. L. KAUFMAN, Attorneys for Defendant-Appellee Sheriff Elmer Litchfield.
RANDY B. LIGH, Attorney for Defendant-Appellee City of Baton Rouge/Parish of East Baton Rouge.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
Denise Gayle Wasson, a former East Baton Rouge Parish ["EBRP"] Prison inmate, appeals from a grant of summary judgment that dismissed her suit for personal injuries. For the reasons that follow, we hereby affirm.
As part of her petition, Ms. Wasson alleged that at approximately 7 o'clock p.m. on November 14, 2002, she was in a restroom, in the EBRP Prison dormitory to which she had been assigned, when it was announced that prisoners were being dispensed their medications. Ms. Wasson also alleged that by the time she left the restroom, all of her fellow inmates had left the area and gone to receive their medications.
It is further alleged that in order to obtain their prescribed medications, prisoners were required to walk from the dormitory area into an adjacent dayroom where a deputy (an employee of the EBRP Sheriff) and a nurse (an employee of the City of Baton Rouge) would dispense medications to prisoners through a procedure known as "pill call." The aforementioned areas are separated by a remotely-controlled electronic gate.
Ms. Wasson testified in her deposition that as she approached the gate, she saw it begin to close and she "sped up." According to Ms. Wasson, "I tried to hurry up because if you can catch it, you can hold it and walk through it." As she attempted to get through the gate, Ms. Wasson testified that one of her prison-issued slippers folded under her foot, causing her to trip and fall "into the gate."
On October 9, 2003, Ms. Wasson filed suit in the 19th Judicial District Court against EBRP Sheriff Elmer Litchfield ("Sheriff") and the City of Baton Rouge and the Parish of East Baton Rouge (collectively "City/Parish"). As part of her Petition for Damages, Ms. Wasson alleged that EBRP Sheriff's deputies were intentional and malicious, or at least negligent, in closing the electronic gate. Ms. Wasson further alleged that as a result of this accident, she sustained severe facial and neck injuries, for which she received treatment at Earl K. Long Medical Center in Baton Rouge, and suffered considerable physical pain and mental anguish.
On September 12, 2007, the City/Parish filed a motion for summary judgment seeking dismissal of Ms. Wasson's claims on the basis that no liability could be attributed to the City/Parish. The City/Parish asserted that it does not operate the prison, nor is it responsible for the actions of the sheriff's deputies. The Sheriff similarly moved for summary judgment on November 8, 2007, on the ground that any injuries sustained by Ms. Wasson resulted from her decision to accelerate towards the gate as it began to close. The City/Parish's motion for summary judgment was unopposed by Ms. Wasson. Through judgments rendered on June 16, 2008, and signed on June 24, 2008, the trial court granted the motions for summary judgment put forth on behalf of the City/Parish and the Sheriff and dismissed Ms. Wasson's suit. Ms. Wasson has appealed from the judgment granting summary judgment to the Sheriff.
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Coop, Inc., 2001-2956, p. 3 (La. App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., XXXX-XXXX, pp. 4-5 (La. App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. Code Civ, P. art. 966(C)(2); Robles v. Exxonmobile, XXXX-XXXX, p. 4 (La. App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La. 4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, p. 7 (La. App. 1 Cir. 9/25/98), 722 So.2d 1, 4, writ denied. 98-2703 (La. 12/18/98), 734 So.2d 637.
Based upon our review of the evidence before us, we find no fact the existence of which would preclude summary judgment. Ms. Wasson's injuries, if any, were caused solely by her own negligence. Ms. Wasson admitted that she saw the gate begin to close, accelerated, and tripped into it.
For the above and foregoing reasons, we affirm the trial court's grant of summary judgment, and assess all costs associated with this appeal against plaintiff-appellant, Denise Gayle Wasson. We issue this memorandum opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1.B.
AFFIRMED.