NORTH BANK TOWING CORPORATION, ODYSSEA MARINE GROUP, LLC AND ODYSSEA VESSELS, INC.
v.
ANDREW PAUL REMEDIES.
No. 2009 CA 0333.
Court of Appeal of Louisiana, First Circuit.
December 23, 2009.
Not Designated for Publication
RICHARD J. HYMEL Lafayette, LA Attorney for Plaintiffs-Appellants North Bank Towing Corp., Odyssea Marine Group, LLC and Odyssea Vessels, Inc.
PATRICK H. YANCEY Houma, LA and JEFF R. SEELY Jason Itkin Houston, TX Attorneys for Defendant-Appellee Andrew Paul Remedies
SETH CORTIGENE ATTORNEY FOR Baytown, TX Intervenors-Appellees. NEWTON B. SCHWARTZ, Sr., Individually and as Trustee for the Kemper, Queen & Schwartz (Jr) Trust, a Texas Trust, and Seth Cortigene.
Before: CARTER, CJ., GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
This appeal concerns the effect of an alleged earlier settlement agreement between the parties resulting from injuries allegedly sustained by defendant while he worked as a deckhand aboard an offshore vessel owned by plaintiffs on October 14, 2005. After walking away from a settlement agreement, defendant retained new counsel who filed a Jones Act claim against plaintiffs in federal court in Texas. Plaintiffs responded by filing a counterclaim against defendant for breach of the parties' settlement agreement. Plaintiffs also filed a motion to dismiss the suit on grounds of forum non conveniens. Plaintiffs' motion was granted, and the matter was dismissed without prejudice from the federal court in Texas.
North Bank Towing Corporation, Odyssea Marine Group, L.L.C. and Odyssea Vessels, Inc. (collectively "plaintiffs"), thereafter instituted the present action against defendant, Andrew Paul Remedies ("Mr. Remedies"), in the 32nd Judicial District Court, Terrebonne Parish, Louisiana. Said litigation sought damages for an alleged breach of contract, indemnity, and defense costs resulting from Mr. Remedies' alleged breach of an earlier settlement agreement with respect to Mr. Remedies' maritime claim. Mr. Remedies responded by filing a counterclaim for his alleged personal injuries. The parties subsequently agreed to transfer this matter to the 16th Judicial District Court ("16th JDC"), St. Mary Parish, Louisiana.
Upon transfer of this matter to the 16th JDC, Mr. Remedies, on August 21, 2008, moved for summary judgment asserting that the earlier settlement agreement was invalid and unenforceable. Mr. Remedies argued that an enforceable contract was never confected, or in the alternative, that plaintiffs had breached the agreement by failing to render performance through the payment of settlement funds.
In their opposition to the motion, plaintiffs contended that genuine issues of material fact that would preclude summary judgment remained with respect to the formation of an enforceable contract. In the alternative, plaintiffs urged that even in the absence of a factual dispute, Mr. Remedies was not entitled to summary judgment as pursuant to maritime law, settlement agreements become binding immediately upon a meeting of the minds of the parties.
Following a hearing on October 22, 2008, the trial court granted Mr. Remedies' motion for summary judgment, and concluded in transcribed reasons for judgment that a binding settlement agreement was never confected between the parties. A judgment granting Mr. Remedies' motion for summary judgment was later signed by the trial court on November 7, 2008. From this judgment, plaintiffs have appealed.
In connection with their appeal in this matter, plaintiffs claim the trial court erred in (1) concluding there existed no genuine issue of material fact with respect to the parties' intent in negotiating and entering into the settlement, and whether there was a meeting of the minds with respect to settlement; and (2) concluding the parties' settlement agreement was unenforceable.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Coop, Inc., 2001-2956, p. 3 (La. App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., XXXX-XXXX, pp. 4-5 (La. App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. Code Civ. P. art. 966(C)(2); Robles v. ExxonMobile, XXXX-XXXX, p. 4 (La. App. 1 Or. 3/28/03), 844 So.2d 339, 341.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La. 4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, p. 7 (La. App. 1 Cir. 9/25/98), 722 So.2d 1, 4, writ denied, 98-2703 (La. 12/18/98), 734 So.2d 637.
In its transcribed Reasons for Ruling, the trial court opined:
I don't think there's any question originally that Mr. Remedies agreed with North Bank Towing to settle this case for $30,000.
Since this is a Jones Act case, the law requires that there be under oath an interrogation concerning whether or not the seaman understands what the settlement is and the seaman is in agreement to the settlement. When that was done in the deposition, which has been filed in evidence, [Mr.] Remedies, the seaman, changed his mind and said, "I do not want to settle the case."
At that time, the attorney, who was [representing Mr. Remedies], stated, at Page 49 of the transcript, "[we're not going forward with the settlement.] So, we'll ask to keep copies, void the settlement for lack of consideration. And because of your very careful questioning of him, he's had doubts whether to settle it, even though I had questioned him on some of the matters before. So we have no settlement, and we'll go forward with the lawsuit."
And again the seaman is questioned, on Page 50, and says, "You've decided that you're not going to go forward with the settlement?" His answer is, "Right." "Now you understand that once this is withdrawn, they have no duty to offer you any money ever to settle this case?" He says, "Right."
Then the attorney for North Bank Towing, Page 51, says, "Obviously, these are not valid settlement agreements, because they haven't been delivered in exchange for a check. And I'm going to take that check back."
And then Mr. Schwartz says, who's the attorney for [Mr.] Remedies, "We've never even seen who the check is or that it is even a check. We assume you have one, but we don't get to the consideration part."
So, as I view this matter, the parties had  Mr. Remedies had agreed to settle this case for the $30,000. Evidently, according to the sworn deposition, Mr. Remedies had signed the settlement documents. However, when he told his attorney that he wanted  he didn't want to go forward with the settlement, Mr. Schwartz shredded the settlement documents. So the settlement documents were never signed, as I understand it, by North Bank Towing. And the agreement to settle by Mr. Remedies was withdrawn prior to the transfer of an executed settlement agreement.
In addition to that, the attorney for North Bank agreed in the deposition that there was no settlement and that he was retrieving the check and there was no consideration.
So the court finds that in fact there is no question of fact, there is no question of law, that no binding agreement was confected, and that the offer to settle by North Bank Towing was withdrawn by their attorney in a deposition in which the attorney on behalf of North Bank Towing said that, "There is no settlement, and I'm taking back the consideration."
So the court finds that the motion for summary judgment by [Mr.] Remedies is granted at the cost of North Bank Towing.
Y'all will prepare a judgment and submit a judgment.
Based upon our review of the evidence before us, and the trial court's well elucidated reasons for judgment, we find no facts that would preclude summary judgment. Accordingly, we affirm the trial court's grant of summary judgment, and assess all costs associated with this appeal against plaintiffs-appellants, North Bank Towing Corporation, Odyssea Marine Group, L.L.C. and Odyssea Vessels, Inc. We issue this memorandum opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1.B.
AFFIRMED.