GUIDRY, J.
|2This is an appeal of a judgment rendered following remand of this matter to the district court to consider the constitutionality of a Louisiana Department of Revenue regulation. The district court found the subject regulation to be unconstitutional and rendered summary judgment in favor of the local taxing authority holding Coastal Drilling Company, L.L.C. (“Coastal”) liable for the use tax assessed on parts and materials used to restore an inland marine drilling barge that was damaged by fire.
*675 FACTS AND PROCEDURAL HISTORY
After being damaged by fire in 2005, Rig 21 was transported to Jefferson Parish to be restored, and following restoration, Rig 21 was transported back to St. Mary Parish for resumed use. After an audit revealed that Coastal had not paid state or local sales tax on the parts, materials, equipment and machinery purchased in Jefferson Parish in connection with the work performed to restore the barge, the Director of the St. Mary Parish Sales and Use Tax Department and Ex-Officio Sales and Use Tax Collector for St. Mary Parish (hereinafter “the Collector”),[1] issued a use tax assessment for the items used in restoring Rig 21. Coastal timely paid the amount assessed under protest and then filed suit to recover the amount paid.
In answer to Coastal’s suit, the Collector alleged that the tax exemption provided in La. R.S. 47:305.1(A) only applied to “articles of tangible personal property that are installed on ships, vessels, barges, commercial fishing vessels, drilling ships and drilling barges during original construction,” and as the parts installed on Rig 21 were not installed during “original construction,” the Collector denied that Coastal was entitled to a refund of the taxes it paid under protest. The Collector further alleged that the provisions of the Louisiana Department of | ¡¡Revenue regulation, LAC 61.1:4403 (Regulation 4403), by which Coastal claimed authority for extension of the exemption provided in La. R.S. 47:305.1 against the use taxes assessed, did not apply, because Rig 21 was not “destroyed” by fire, but instead “damaged.” However, the Collector also reconvened to challenge the constitutionality of Regulation 4403.
Coastal and the Collector subsequently filed cross motions for summary judgment. The district court granted the Collector’s motion based solely on the finding that the repairs to Rig 21 did not qualify as reconstruction under Regulation 4403, and therefore, Coastal was not entitled to the tax exemption granted under La. R.S. 47:305.1(A). The district court did not reach the constitutionality of Regulation 4403. Coastal appealed the summary judgment, and on appeal, this court vacated the district court’s judgment and remanded the matter for a determination of the constitutionality of Regulation 4403 and reconsideration of the parties’ cross motions for summary judgment. Coastal Drilling Company, L.L.C. v. Dufrene, 12-0744 (La.App. 1st Cir.2/18/13) (unpublished opinion).
On remand, Coastal filed a third-party demand against the State of Louisiana and the Secretary of the Louisiana Department of Revenue, alleging that “the State of Louisiana and the administrative agency are properly made parties to an action involving a challenge to the validity of state agency regulations.” Thereafter the parties re-urged their cross motions for summary judgment, arguing the constitutionality of Regulation 4403. Following a hearing on the cross motions, the district court declared Regulation .4403 to be unconstitutional as exceeding the scope of the exemption provided in La. R.S. 47:305.1 and decreed that the local taxing authorities were entitled to the use taxes assessed. Coastal again appeals.
RULE TO SHOW CAUSE
After the appeal in this matter was lodged with this court, a rule was issued *676 for the ■ parties to show cause why the subject appeal should not be dismissed or | transferred to the Louisiana Supreme Court, pursuant to La. Const, art. 5 § 5, due to the decree in the judgment declaring Regulation 4403 unconstitutional. Based on the authority of Benelli v. City of New Orleans, 474 So.2d 1293, 1294 (La.1985) and Vicksburg Healthcare, LLC v. State through Department of Health and Hospitals, 10-1248, p. 2 n. 1 (La.App. 1st Cir.3/25/11), 63 So.3d 205, 207 n. 1, we hereby recall the show cause order.
STANDARD OF REVIEW
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Cooperative, Inc., 01-2956, p. 3 .(La.App. 1st Cir.12/30/02), 836 So.2d 484, 486. A motion for summary judgment may be granted if, and only if, “the pleádings, depositions, answers to interrogatories, and admissions, together with the affidá-vits, if any, admitted for purposes of the motion for summary judgment, show thát there is no genuine 'issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966(B)(2). The summary judgment procedure is -favored 'in Louisiana and is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Appellate courts review a judgment granting or denying a motion for summary judgment- de novo. Louisiana High School Athletics Association, Inc. v. State, 12-1471, p. 18 (La.1/29/13); 107 So.3d 583, 598. When summary judgment is granted in the context of statutory interpretation, there are no material issues of- fact in dispute and the sole issue before us is a question of law as to the correct interpretation of the statute at issue. State v. Louisiana Land and Exploration Company, 12-0884, p. 8 (La.1/30/13), 110 So.3d 1038, 1044.
| ¿DISCUSSION
At issue in this appeal is the district court’s determination that Regulation 4403 is unconstitutional because' it exceeds the legislative grant of authority contained in La. R.S. 47:305.1(A). Regulation 4403 provides, in pertinent part:
A. To qualify for exemption under R.S. 47:305.1(A), materials, machinery, and equipment that become component parts of ships, vessels, or barges of 50 tons load displacement and over, built in Louisiana, must be added during construction or reconstruction. Materials, machinery, and equipment that replace worn componénts are not exempt under R.S. 47:305.1(A).
B. Reconstructions qualify for exemption under R.S. 47:305.1(A) if they:
1. modify the craft’s function, such as conversion of a deck barge to a crane barge; or
2... restore the craft to seaworthiness following its destruction by sinking, collision, or fire. [Emphasis added.]
Lotdsiana Revised Statutes 47:305.1(A), however, provides:
The tax imposed by taxing authorities shall not apply to sales[2] of materials, equipment, and machinery which enter into and become component parts of *677 ships, vessels, or barges, including commercial fishing vessels, drilling ships, or drilling barges, of fifty tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels, or barges when sold by the builder thereof. [Emphasis added.]
In our prior decision, we found:
In the case sub judice, it is undisputed that the. materials at issue were not added during the original construction of Rig 21, but were added during work performed as a result of the fire. Regulation 4403 specifies that the exemption provided in La. R.S. 47:305.1(A) extends to reconstructions that restore a craft to seaworthiness following its destruction by fire. However, we observe that nothing in the La. R.S. 47:305.1(A) refers to reconstruction or repair of a vessel.
|fiIn the original proceedings before the trial court, Coastal argued that Rig 21 was reconstructed after being destroyed by fire in order to fall within the parameters of Regulation 4403. On remand; Coastal observed that “it is apparent that the facts at issue fit squarely within the scope of the Regulation, and the only issue that would prevent summary judgment in favor of Coastal Drilling is if the Regulation exceeds the scope of the statute.” Hence, Coastal argues that the district court erred in finding Regulation 4403 unconstitutional because “built,” as used in La. R.S. 47:305.1(A), does not exclude constructions wherein used parts from previously-existing vessels are used in building a new vessel.
This proposition, along with all of the arguments presented by Coastal, seek to broadly define the word “build” so as to encompass the concepts of reconstruction and restoration as well as entirely new and from scratch construction. However, tax exemptions are an exceptional privilege that must be expressly and clearly conferred in plain terms. R & B Falcon Drilling USA, Inc. v. Secretary, Department of Revenue, 09-0256, p. 4 n. 6 (La.App. 1st Cir.1/11/10), 31 So.3d 1083, 1086 n. 6. Exemptions are strictly construed against the taxpayer. McNamara v. Central Marine Service, Inc., 507 So.2d 207, 208 (La.1987). Thus, tax exemptions are strictly construed in favor of. the State and must be clearly and unequivocally and affirmatively established by the- taxpayer. Harrah’s Bossier City Investment Company, LLC v. Bridges, 09-1916, p. 10 (La.5/11/10), 41 So.3d 438, 446.
The Louisiana Supreme Court has previously interpretéd La. R.S. 47:305.1(A) to find that the exemption “applies only to the materials, equipment, and machinery which enter into and becomé component parts during construction of ships, vessels, and barges of the requisite size.” Thus, the court found that the ship owner in that case was “not entitled to exemption from the sales tax on materials, equipment and machinery which replace original components of its 17vessels and barges.” MeNamara, 507 So.2d at 208 (La.1987) (bold emphasis added). In further interpreting La. R.S. 47:305.1(A), the court stated “[t]his language suggests that subsection A is directed to component parts on newly built vessels.” McNamara, 507 So.2d at 209. (Emphasis added.)
It should also be pointed out that in 2002, the Louisiana Legislature amended La. R.S. 47:305.1 to add additional provisions to Subsection C. Subsection (C)(3), in particular, provides the following definition of component part(s) relative to Subsection A:
For purposes of this Section, the term “component part” or “component parts” shall mean and include any item or article of tangible personal property that is:
*678 (a) Incorporated into, attached to, or placed upon a ship, vessel, barge, commercial fishing vessel, drilling ship, or drilling barge (collectively referred to in this Section as “vessel” or “vessels”) during ... the construction of such vessel in the case of the exemption provided in Subsection A of this Section. ... [Emphasis added.]
Thus, notably, the legislature used the term “construction” in defining the component parts to which the exemption in Subsection A applies.
Coastal carefully crafts its description of the conduct in this case to characterize the work performed as using “remnants of a destroyed vessel” to “construct what is essentially a new vessel.” It further argues that “the statute does not limit the exemption to construction work that uses only new materials, and the statute does not exclude construction work where a shipyard begins with an existing hull and constructs a vessel from that hull.” Yet, established principles of statutory construction, particularly in regard to tax exemptions, do not allow for passive inclusion or qualification by omission; instead, proper construction mandates that the privilege “be expressly and clearly conferred in plain terms.” R & B Falcon Drilling, 09-0256 at p. 4 n. 6, 31 So.3d at 1086 n. 6.
It is not express nor clear that the exemption is intended to apply to vessels that are constructed “again,” which is how “reconstruct” is defined by Webster’s New College Dictionary 948-49 (3d ed.2008). The Louisiana Supreme Court has found the language used in La. R.S. 47:305.1(A) to mean the addition of component parts to “newly built vessels,” so adding component parts to a used hull clearly is not the addition of component parts to a “newly built vessel.” See McNamara, 507 So.2d at 209, Further, we observe that the courts in McNamara and R & B Falcon Drilling; both held that the exemption provided in La. R.S. 47:305.1(A) does not apply to the replacement of the original components parts of vessels. See McNamara, 507 So.2d at 208, 212; R & B Falcon Drilling, 09-0256 at p. 9, 31 So.3d at 1088-89. The legislature could have expanded the exemption to vessels that were rebuilt or reconstructed, but instead, it expressly limited the exemption to vessels that are built or constructed. Moreover, it is not constitutionally permissible for the Louisiana Department of Revenue, as a part of the executive branch of government, to administratively expand a statutory exemption nor for the courts, as parts of the judicial branch, to interpret the exemption in such a way as to judicially legislate expansion of the exemption beyond that expressly and clearly conferred in plain terms by the legislature.
Accordingly, we find the district court did not err in finding Regulation 4403 unconstitutional, as it exceeded the scope of the exemption authorized in La. R.S. 47:305.1(A), which is applicable only to component parts of vessels added during the original construction of the vessel. Coastal’s remaining assignment of error, alleging that the district court erred in not finding that the materials, machinery, and equipment used in the reconstruction of Rig 21 were exempt from taxation, is therefore rendered moot.
CONCLUSION
Based on the foregoing discussion, we find that the district court did not err in finding Louisiana Department of Revenue regulation LAC 61:1.4403 unconstitutional as exceeding the scope of the exemption authorized under La. R.S. |fl47:305.1(A). We therefore affirm the judgment of the district court. All costs of this appeal are *679 assessed to the appellant, Coastal Drilling Company, L.L.C. '
AFFIRMED.

. During the original proceedings in this matter, Barry J. Dufrene served as the Collector for St. Mary Parish; however, by the time this matter was remanded to the trial court, Jeffery LaGrange had succeeded Dufrene in office.

2. Although the statute expressly refers to the exemption of “sales tax,” La. R.S. 47:301(19)(b) provides, in pertinent part, that:
No use tax shall be due to or collected by: ... Any political .subdivision on tangible personal property used, consumed, distributed, or stored for use or consumption in such political subdivision if the sale of such property would have been exempted or excluded from sales tax at the time such property became subject to the taxing jurisdiction of the political subdivision. ,