KNOLL, J.,
dissents.
| ¶With all due respect, I dissent from the majority opinion, finding its holding a gross departure by this Court from our *120 jurisprudence as well as from the tax exemption law at issue. The First Circuit Court of Appeal opinion authored by Judge Guidry correctly interpreted the tax law at issue, arid there is very little this dissent can add' except to echo the Court of Appeal opinion with more emphasis on the critical points the majority opinion fails to recognize.
Significantly, the majority opinion fails to apply any analysis to its conclusions and makes quantum leaps in reversing the well-considered opinions of the lower courts. The majority opinion’s centerpiece is the “intent” of the Legislature. While I recognize the intent of the Legislature is an important factor in considering the interpretation of a statute, our function of interpreting ' legislative intent cannot equate to legislating from the bench. Tax exemptions belong exclusively to the legislative branch of government — not to the judiciary, even under the guise of interpreting the “intent” of the Legislature.
The majority opinion fails to mention that tax exemptions are interpreted against the taxpayer and in favor of the State.[1] The application of this doctrine is | ?crucial and fatal to the plaintiffs argument. The majority opinion interprets the exemption just the opposite. ' In my view this is an aberration of statutory interpretation.
The issue of LAC 61.1:4403’s constitutionality must be examined in light of the well-established rule of statutory construction that tax exemptions are “strictly construed in favor of the State and ‘must be clearly and unequivocally and affirmatively established by the taxpayer.’ ”[2] Here, the exemption at issue provides:
The tax imposed by taxing authorities shall not apply to sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, or barges, including commercial fishing vessels, drilling ships, or drilling barges, of fifty tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels, or barges when sold by the builder thereof.
La. R.S. § 47:305.1(A) (emphasis added).
Having examined the Legislative history and relevant jurisprudence, I find nothing which evidences intent on the part of the Legislature to encompass vessel reconstruction within the term “built in Louisiana.” Rather, I find the Department of Revenue’s expansion of this exemption to include reconstruction goes beyond mere clarification of the statute, exceeds the executive. branch’s authority, and impinges upon the Legislature’s lawmaking function. As Judge Guidry, writing for the First Circuit, correctly noted:
The legislature could have expanded the exemption to vessels that were rebuilt or reconstructed, but instead, it expressly limited the exemption to vessels that are built or constructed. Moreover, it is not constitutionally permissible for the Louisiana Department of Revenue, as a part of the executive branch of government to administratively expand a statutory exemption nor for the courts, as part of the judicial branch, to interpret the exemption in such a way as to judicially legislate expansion of the exemption be *121 yond that expressly and clearly conferred in plain terms by the legislature.
Coastal Drilling Co., L.L.C. v. Dufrene, 2014-0960 (La.App. 1 Cir. 6/5/15), 174 So.3d 673, 678.
Although the Department of Revenue has authority to promulgate regulations to clarify the application of tax exemptions, this authority does not extend to broadening the scope of tax exemptions. The power to tax is vested in the Legislature and may not be surrendered except as provided in the Louisiana Constitution. La. Const. Art. 7 § 1(A). The Louisiana Constitution expressly states “[e]xcept as otherwise provided by this constitution, no one of these branches [legislative, executive, or judicial], nor any person holding office in one of them, shall exercise power belonging to either of the others,” and the Constitution makes no allowance for the executive branch to expand tax exemptions created by the Legislature. La Const. Art. 2 § 3. The plaintiff correctly notes Louisiana may be at a competitive disadvantage due to neighboring states’ inclusion of vessel repairs in their sales tax exemption statutes;[3] however, it is not the purview of the executive or judicial branches to correct any such competitive disadvantage. Rather, it is the Legislature’s function to weigh such policy considerations and to add more expansive language to the exemption if it so chooses.
The majority relies on Traigle v. PPG Industries Inc., 332 So.2d 777, 782 (La.1976) in support of giving “substantial and often decisive weight” to the administrative construction in the present case, noting the regulation at issue has been in existence since ■ 1987. However, the full quotation of the Court in Traigle states “where the statute is ambiguous (as, most favorably to the taxpayer, this statutory definition may be) a long settled contemporaneous construction by those charged with' administering the statute is given substantial and often decisive weight in its interpretation.” Id. (emphasis added). This principle of law does not 14apply to the current case for two reasons. First, La. R.S. § 47:305.1(A)’s use of the term “built in Louisiana” is not ambiguous; instead it is a plain language reference to construction, not reconstruction, of vessels; Second, because the statutory provision at issue is an exemption which must be strictly construed in favor of the State, the phrase “built in Louisiana” may not be applied “most favorably to the taxpayer.” Thus, deference to administrative corn struction is not necessary or appropriate in this case.
Furthermore, the Traigle court also acknowledged that “an administrative construction cannot have weight where it is contrary to or inconsistent with the statute.” Traigle, 332 So.2d at 782. Notwithstanding the undisputed legislative purpose[1] of attracting and keeping large shipbuilding projects in Louisiana, the Legislature has chosen to limit the application of this exemption to only those vessels “built in Louisiana,” without any reference to vessels reconstructions, major overhauls, restoration of seaworthiness, or any other activity which falls short of constructing a new vessel. Therefore, I find LAC 61.1:4403’s expansion of the exemp *122 tion to include vessel reconstruction to be both inconsistent with the statute.and.impermissible in light of the rule requiring strict construction of exemptions in favor of the State. Such an expansion requires positive law and cannot be accomplished through administrative interpretation.
dearly, LAC 61.1:4403 violates separation of powers and was correctly deemed unconstitutional by the lower courts. As the plaintiff has failed to carry its heaving burden of showing the strictly-construed statutory tax exemption is applicable in this case, I find the lower' courts correctly found in favor of the tax collector, and I would affirm their judgments.

. Hurrah's Bossier City Investment Co., LLC v. Bridges, 2009-1916 (La.5/11/10), 41 So.3d 438, 446, quoting Vulcan Foundry, Inc. v. McNamara, 414 So.2d 1193, 1197 (La.1982); see also, Showboat Star Partnership v. Slaughter, 00-1227 (La.4/3/01), 789 So.2d 554; McNamara v. Central Marine Service, Inc., 87-0030 (La.5/18/87), 507 So.2d 207.

. For example, the Texas and Mississippi statutes cited by the plaintiff explicitly exempt materials purchased for vessel repair from taxation. Tex. Tax Code § 151.329 (exemptions include "materials and labor used in repairing, renovating, or converting a ship or vessel that is of eight or more tons displacement ...”); Miss.Code Ann. § 27-65-101 (tax does not apply to “[s]ales of raw materials ... to a manufacturer for use directly- in manufacturing or processing a product for sale or rental or repairing or reconditioning vessels or barges of fifty (50) tons load displacement and over").