GUIDRY, J.
lain this suit on a promissory note, C & 0 Enterprises, LLC (C & 0) appeals from a .trial court judgment granting summary judgment in favor of Hancock Bank of Louisiana (Hancock). For the reasons that follow, we affirm.
*597 FACTS AND PROCEDURAL HISTORY
On June 1, 2006, C & 0 executed a promissory note in favor of Hancock in the amount of $1,200,000.00 to purchase 1.58 acres of property on Highway 21, Coving-ton, Louisiana. The promissory note was secured by a multiple indebtedness mortgage, also dated June 1, 2006, executed by C & O in favor of Hancock.[1] The mortgage encumbered property described as 1.58 acres of property on Highway 21, Covington, Louisiana, and also included any and all present and future buildings, constructions, and improvements now and/or in the future relating to the property. Further, “indebtedness” was defined in the mortgage as all present and future loans, advances, and/or extensions of credit obtained by the mortgagor from the mortgagee under any and all promissory notes evidencing such present and/or future loans, including the note dated June 1, 2006 in the principal amount of $1,200,000.00.
Thereafter, on October 13, 2006, C & O and Hancock executed a construction loan agreement, whereby Hancock loaned C & O $2,500,000.00. On the same date, C & O executed a disbursement request authorization, specifying the purpose of the loan as to pay off the lot loan and to pay construction costs and designating the amounts to be disbursed for each purpose. C & O subsequently executed a promissory note in favor of Hancock in the amount of $2,512,685.50 on March 20, 2009. However, on June 5, 2009, C & O filed for Chapter 11 bankruptcy. C & O’s plan of reorganization listed the debt owed to Hancock and its proposal to repay [athat debt. An order confirming the plan of reorganization was signed by the court on December 16, 2010.
In accordance with the Bankruptcy Court’s order confirming C & O’s plan of reorganization, C & O executed a replacement promissory note on March 29, 2011, in favor of Hancock in the amount of $2,526,909.66. The replacement note was made and given to Hancock in substitution of and as a replacement for the March 20, 2009 note. The March 29, 2011 promissory note is also secured by the June 1, 2006 multiple indebtedness mortgage. The replacement note defines “default” as “failing] to make any payment when due under this Note.” In the event of default, the holder of the note has the right to accelerate maturity and insist upon immediate payment in full of the unpaid principal balance then outstanding under the note, plus interest, together with reasonable attorney’s fees, costs, expenses, and other fees and charges as provided. The mortgage also defines default, stating that a default under the note is a default under the mortgage. In the event of default under the mortgage, the holder of the note has the right to enforce the mortgage and to cause the sheriff to seize and sell the property that the mortgage encumbers.
On October 4, 2012, Hancock, as the holder of the note, wrote to C & O and declared C & O to be in default under the note and demanded immediate full payment of $2,587,011.76, which included interest, late fees, and taxes. Thereafter, Hancock filed a verified petition for foreclosure and money judgment. In its petition, Hancock sought a money judgment in its favor in the amount of $2,587,011.76 as of October 3, 2012, with per diem interest thereon in the amount of $461.86 until paid in full and all other amounts allowed under *598 the note and the multiple indebtedness mortgage, including costs, expenses, and attorney’s fees. Hancock also requested that the court enforce the mortgage by foreclosing on the ^mortgaged property and issuing an order for a writ of seizure and sale of the mortgaged property.
C & 0 answered Hancock’s petition, generally denying the allegations of the petition and asserting affirmative defenses including, among others, estoppel, contributory negligence, fraud, fraud in the inducement, breach of contract, discriminatory lending, predatory lending, bad faith, and negligent misrepresentation and/or intentional misrepresentation.
Thereafter, Hancock filed a motion for summary judgment, requesting that the trial court grant summary judgment in its favor in the amount of $2,732,959.52, plus per diem interest in the amount of $461.86 from August 15, 2013 until the court’s judgment and legal interest thereafter until paid, as well as reasonable attorney’s fees and costs. Hancock also requested recognition and enforcement of its rights in and to the multiple indebtedness mortgage dated June 1, 2006, that C & 0 made in favor of Hancock to secure C & O’s debt.
On September 11, 2013, C & 0 filed a reconventional demand, asserting that Hancock is liable to C & 0 pursuant to the provisions of the Louisiana Commercial Code because it is in bad faith for the making and enforcement of the loan sued upon. Hancock responded by filing a dec-linatory exception raising the objection of lis pendens as to C & O’s reconventional demand, asserting that the demands and allegations in the reconventional demand are identical to claims asserted by C & 0 against Hancock in another action, case number 2012-15419, Division D, wherein C & O seeks damages and injunctive relief for unfair, predatory, and discriminatory lending practices.
Following a hearing on Hancock’s motion and exception, the trial court rendered judgment in favor of Hancock, maintaining Hancock’s exception of lis pendens and dismissing, without prejudice, C & O’s re-conventional demand, The trial court also granted summary judgment in favor of Hancock, entering judgment | ^against C & O in the amount of $2,732,959.52 plus per diem interest of $461.86 from August 15, 2013 until the date of the court’s judgment and legal interest thereafter until paid as well as Hancock’s costs and reasonable attorney’s fees that the court will set at a later date. In addition, the court recognized and enforced all of Hancock’s rights in and to the multiple indebtedness mortgage dated June 1, 2006, that C & O made in favor of Hancock to secure C & O’s debt to Hancock, including Hancock’s right to cause the clerk of court for the Parish of St. Tammany to issue a writ of fieri facias that directs the Sheriff of the Parish of St. Tammany to seize and set for sale the property that the multiple indebtedness mortgage encumbers to satisfy in whole or in part C & O’s debt to Hancock. The court further maintained and reserved Hancock’s rights against Kanetha Chau, Osaka 21, LLC, and Osaka West, Inc., as guarantors of the debt of C & O to Hancock.
Thereafter, C & O filed a motion for new trial, which was denied. C & O now appeals from the trial court’s judgment.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full scale trial whén there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Cooperative, Inc., 01-2956, p. 3 (La.App. 1st Cir.12/30/02), 836 So.2d 484, 486. A motion for summary judgment is prop *599 erly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, Inaction, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Lieux v. Mitchell, 06-0382, p. 9 (La.App. 1st Cir.12/28/06), 951 So.2d 307, 314, writ denied, 07-0905 (La.6/15/07), 958 So.2d 1199. Summary judgment is the appropriate procedural device to enforce a promissory note when the defendant establishes no defense against enforcement. See American Bank v. Saxena, 553 So.2d 836, 845-846 (La.1989).
In a suit to collect on a promissory note, the plaintiff must merely produce the note in question to make out a prima facie case. The burden then shifts to the defendant to prove any affirmative defenses. Long v. Long, 04-938, p. 9 (La.App. 5th Cir.1/25/05), 895 So.2d 34, 39.
In the instant case, Hancock attached the March 29, 2011 replacement promissory note as well as a certified copy of the June 1, 2006 mortgage, which is secured by the March 29, 2011 note, to its petition and its motion for summary judgment.[2] C & O does not dispute that Kanetha Chau, as the representative for C & O, signed the note. Accordingly, Hancock met its initial burden by producing |7the signed note and is entitled to recover unless C & O establishes a defense to liability on the note. See American Bank, 553 So.2d at 842.
C & O raised several defenses in its answer and in its opposition to Hancock’s motion for summary judgment, including bad faith in the enforcement of the promissory note and breach of the construction loan agreement. However, C & O previously filed for a Chapter 11 Bankruptcy, wherein it listed its debt to Hancock in the amount of $2,527,563.51 in its plan for reorganization and provided for a means by which the debt would be re-paid. At no point in the bankruptcy proceeding did C & O contest the debt owed to Hancock nor did C & O list any claims it may have against Hancock related to Hancock’s procurement or handling of the original March 20, 2009 promissory note. C & O thereafter executed a replacement promis *600 sory note on March 29, 2011, in accordance with the court’s order confirming C & O’s plan of reorganization.
The doctrine of judicial estoppel prohibits parties from deliberately changing positions according to the exigencies of the moment. The doctrine is intended to prevent the perversion of the judicial process and prevents playing fast and loose with the courts. Lowman v. Merrick, 06-0921, p. 12 (La.App. 1st Cir.3/23/07), 960 So.2d 84, 92. In determining whether to apply judicial estoppel, courts look to whether (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently. Reed v. City of Arlington, 650 F.3d 571, 574 (5th Cir.2011) (en banc).[3]
In the instant case, C & O acknowledged its indebtedness to Hancock throughout the bankruptcy proceeding and agreed to pay Hancock $2,527,563.51 to satisfy the March 20, 2009 promissory note. The Bankruptcy Court accepted lathis position when it confirmed C & O’s plan of reorganization, which provided a means by which the debt would be repaid to Hancock. C & O executed a replacement note, again acknowledging its debt to Hancock. At all times, C & O was aware of the facts that it now asserts form the basis for its defense to the note, including the alleged breach of the construction loan agreement. Accordingly, having consistently acknowledged its liability on the note in the bankruptcy proceeding, C & O is judicially estopped from advancing a different position in the instant action.[4]
C & O also asserts that the trial court erred in failing to permit additional discovery before granting summary judgment in favor of Hancock. A defendant may file a summary judgment motion at any time. La. C.C.P. art. 966(A). However, a trial court shall consider a summary judgment motion only “[a]fter adequate discovery or after a case is set for trial.” La. C.C.P. art. 966(C)(1). The requirement that a summary judgment should be considered only after “adequate discovery” has been construed to mean that there is no absolute right to delay action on a summary judgment motion until discovery is complete; rather, the requirement is only that parties have a fair opportunity to carry out discovery and to present their claim. It is within the trial court’s discretion to render summary judgment or require further discovery, and a trial court’s decision in this regard should only be reversed upon a showing of an abuse of that discretion. Ladart v. Harahan Living Center, Inc., 13-923, p. 12 (La.App. 5th Cir.5/14/14), 142 So.3d 103, 110, writ denied, 14-1147 (La.9/19/14), 149 So.3d 243.
In the instant case, Hancock filed its verified petition for foreclosure and money judgment against C & O on February 27, 2013. Hancock filed its motion for | psummary judgment on August 20, 2013. C & O’s first request for discovery was not until October 11, 2013, after the originally- *601 scheduled date for the hearing on Hancock’s motion for summary judgment and just twenty-days before the rescheduled hearing date. Hancock responded to C & O’s discovery request by forwarding three compact discs with the requested documents on October 22, 2013, which documents were previously produced in a companion suit filed under docket number 2012-15419 in Division “D.” C & O did not notice any depositions in the instant action. Additionally, contrary to C & O’s assertion, there is no language in the protective order issued in the companion litigation that precluded C & 0 from conducting discovery in the instant action. Therefore, from our review of the record, we find that C & O had a fair opportunity to conduct discovery in the instant action, yet failed to do so. Accordingly, we find no abuse of the trial court’s discretion in declining to permit additional discovery and in granting summary judgment in favor of Hancock.[5]
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to C & O Enterprises, LLC.
AFFIRMED.

. Kanetha Chau executed the mortgage and promissory note as the representative of C & o.

. C & O asserts that Hancock did not present the original promissory note as required. However, from our review of the record, counsel for Hancock presented the original March 29, 2011 promissory note at the hearing on its motion for summary judgment. Counsel for C & O did not object to the presentation of the original note, and the trial court admitted it for purposes of the motion for summary judgment.

. While Hancock does not specifically refer to "judicial estoppel” in its reply to C & O's opposition to Hancock’s motion for summary judgment, it did assert that C & O was taking a position contrary to the position it took in the bankruptcy proceeding.

. C & O asserts that the instant case is identical to KeyBank National Association v. Perkins Rowe Associates, LLC, No. 09-497-JJB-SCR, 2010 WL 2133954 (M.D.La. May 26, 2010). However, we note that neither KeyBank, nor any of the other cases relied on by C & O, involve defenses raised in a suit on a note after the parties have acknowledged liability on the note in a bankruptcy proceeding and executed a replacement promissory note.

. We also note that the discovery that C & O claims it needs to conduct relates to its defenses on the note, which we have determined C & O is judicially estopped from raising in the instant proceeding. Therefore, for this additional basis, we find no abuse of discretion in the trial court’s decision to grant summary judgment without additional discovery.