WHIPPLE, C.J.
*997 This matter is before us on appeal by defendant-in-reconvention, Deborah Riedel, from a judgment of the trial court granting summary judgment in favor of plaintiffs-in-reconvention, Frank and Theresa Cali. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY[1]
On April 25, 2014, Riedel, with the assistance of real estate agent Angie Fenasci, entered into a purchase agreement for a condominium located at 2700 Rue St. Martin, Unit A, in Hammond, Louisiana, that was owned by Frank and Theresa Cali.[2] On that same date, Riedel also completed an "Owner Finance Application" to secure potential financing for her purchase of the property from the Calis.[3]
Following a home inspection of the property by Dale Brunet of Brunet's Home Inspection, LLC, Riedel executed a promissory note and credit deed (mortgage) on May 9, 2014, through which she purchased the property from the Calis for the sum of $67,500.00. Riedel paid a down payment of $25,000.00 and financed the balance of $42,500.00 with the Calis with interest of 6.75% until paid in full via an owner-financed promissory note. According to the terms of the note, Riedel was to make 240 equal monthly installments of $323.15 each, commencing June 1, 2014, and on the same day of each month thereafter, until paid.
Riedel contends that after moving into the home, she detected moisture and smelled a "strong odor" that worsened each day, and that she and her children "began feeling very ill and developed illnesses." Thereafter, on May 6, 2015, Riedel individually, and on behalf of her minor children, filed a petition for damages against the Calis, Yarborough, Coldwell Banker Bobby Tallo Realty, L.L.C., Fenasci, and Hollie Realty, L.L.C./RE/MAX Northshore, asserting claims of fraud and misrepresentation and contending that they "had to have known" about the moisture and mold in the home before it was sold. Specifically, Riedel asserted breach-of-fiduciary-duty claims against Frank Cali, Landon Yarborough, and Angie Fenasci as licensed agents and breach of contract claims and "re-habitation violations" against Frank and Theresa Cali as owners of the property. Riedel accordingly sought damages for illnesses and injuries that she and her children purportedly suffered as a result of exposure to "black mold" found in the home.
The Calis answered the petition and subsequently filed a reconventional demand against Riedel, as holders of the May 9, 2014 promissory note, averring that Riedel had not made any payments on the promissory note since her payment in December of 2014, and had further defaulted *998 on payment of ad valorem taxes imposed on the property by the Parish of Tangipahoa and the City of Hammond. The Calis thereby sought judgment condemning Riedel to pay the sum of $41,862.34 plus interest at 6.75% per annum until paid, an additional sum for late charges, reimbursement of ad valorem taxes paid by the Calis, and 25% of that amount as attorney's fees and costs.
Riedel answered the reconventional demand, adopting as affirmative defenses the claims she had asserted against the defendants in her petition for damages on the main demand, "not limited to fraud, deceit and redhibition rights."
Thereafter, the Calis, as plaintiffs-in-reconvention, filed a motion for summary judgment, seeking judgment in their favor on the claims asserted against Riedel in their reconventional demand. Motions for summary judgment were also filed by the Calis, Fenasci, and Hollie Realty, L.L.C. seeking dismissal of Riedel's claims in the original demand.
The three motions for summary judgment were heard before the trial court on August 28, 2017. Following the hearing, the trial court granted the motions for summary judgment filed by the Calis, Fenasci, and Hollie Realty, L.L.C., and dismissed with prejudice the claims Riedel had asserted against them in the main demand. Thereafter, the trial court granted the motion for summary judgment by the Calls, as plaintiffs-in-reconvention, on the claims asserted against Riedel in their reconventional demand.
On September 20, 2017, the trial court signed a judgment, granting the summary judgment in favor of the Calis, and against Riedel, finding that there were no genuine issues of material fact remaining and that the Calis were entitled to judgment in their favor as a matter of law on the issue of Riedel's indebtedness for the May 19, 2014 promissory note and mortgage.[4] The trial court rendered judgment in favor of the Calis and against Riedel for: the balance of the note in the amount of $41,862.34, plus interest at the rate of 6.75% from January 1, 2015, until paid; reimbursement of ad valorem taxes to the Calis in the amount of $2,357.23; accruing late charges for her non-payment of installments on the note at the rate of $50.00 per month for each calendar month from January 1, 2015 until paid; reimbursement of insurance premiums in the amount of $1,881.91; and attorney's fees of 25% of all principal and interest on the amounts due and all costs.
Riedel now appeals, contending that the trial court erred in prematurely granting summary judgment on the reconventional demand, contending: (1) that this appeal should be "stayed" until the two companion appeals are ruled upon by this court; and (2) that the issues presented in the reconventional demand are appropriate for jury consideration.
DISCUSSION
Summary Judgment
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material *999 fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). A party may move for a summary judgment for all or part of the relief for which he has prayed. LSA-C.C.P. art. 966(A)(1). A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties. LSA-C.C.P. art. 966(E). However, a summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. LSA-C.C.P. art. 966(F).
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden does not require that he negate all essential elements of the adverse party's claim, action, or defense, but rather to point to the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).
When a motion for summary judgment is made and supported as provided in LSA-C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in LSA-C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967(B). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. First Bank and Trust v. Sharp, 2017-0284 (La. App. 1st Cir. 2/20/18), 243 So.3d 16, 19.
Summary judgment is an appropriate procedural device to enforce a negotiable instrument when the defendant establishes no defense against enforcement. Winston v. Hall, 2017-1097, p. 3 (La. App. 1st Cir. 4/6/18), 2018 WL 1663020 (unpublished), citing American Bank v. Saxena, 553 So.2d 836, 845-846 (La. 1989). In a suit to collect on a promissory note, once the plaintiff, as holder of the note, proves the maker's signature, or the maker admits it, the holder has made out his prima facie case by mere production of the note. The burden then shifts to the defendant to prove the existence of a triable issue of material fact and/or any affirmative defenses. Hancock Bank of Louisiana v. C & O Enterprises, LLC, 2014-0542 (La. App. 1st Cir. 12/23/14), 168 So.3d 595, 599, writ denied, 2015-0621 (La. 5/22/15), 171 So.3d 251 ; American Bank v. Saxena, 553 So.2d at 846 ; Winston v. Hall, 2017-1097 at p. 3. Fraud, error or mistake, failure of consideration, and lack of consideration are affirmative defenses that may be asserted by the defendant. See LSA-C.C.P. art. 1005. Fraud and error may vitiate consent. See LSA-C.C. art. 1948.[5]
*1000 In support of their motion for summary judgment as to the claims asserted in their reconventional demand, the Calis offered: (1) a copy of the promissory note; (2) a copy of the recorded credit deed; (3) the joint affidavit of Frank and Theresa Cali; (4) excerpts of Riedel's deposition testimony; (5) affidavit of the notary public/closing attorney and witnesses to the credit deed; and (6) the affidavit of Dale Brunet.
The promissory note and credit deed submitted in support of the Calis's motion for summary judgment contain Riedel's signature. In her deposition testimony, Riedel admitted that the signatures on the documents were hers. Moreover, Riedel readily conceded that she had not made any payments on the note since January of 2015.[6] The affidavit executed by J. Mark Rolling, the closing attorney and notary public on the May 9, 2014 credit deed, and Diana Holbert and Linda M. Franks, the witnesses to the signing of the deed, sets forth that they witnessed Riedel signing the note and credit deed, as well as executing her initials on the "AS IS/WHERE IS" clause contained within the credit deed.
The credit deed provides that if the note should be "placed in the hands of an attorney for collection, or suit [was] brought," the "purchaser shall pay an additional sum of twenty-five percent (25%) of the amount of principal and interest then owing as attorney's fees, and all other costs of [the] suit." The credit deed further provides that the purchaser agrees to keep the buildings on the mortgaged property insured with both hazard and flood insurance with limits of $67,500.00 and general liability coverage of $300,000.00, and that:
on default of payment of taxes at any time, any holder of any said above mentioned notes may pay said taxes at any time, any holder of any said above mentioned notes may pay said taxes or and charge same to purchasers, and the amount so paid shall bear the same rate of interest as said [note], and be enforceable as part of the original obligation, and be the same process as the original obligation, including attorney's fee[s].
The affidavit executed by the Calis sets forth: that Riedel was delinquent on her payments of the note since January 1, 2015; that pursuant to the credit deed, Riedel was obligated to reimburse the Calis for the payment of ad valorem city and parish taxes; that pursuant to the note, Riedel was responsible for accrued late charges of $50.00 per month; and that Riedel was obligated to reimburse the Calis for expenses incurred for maintaining fire and casualty insurance on the property pursuant to the terms of the credit deed.
In Riedel's opposition to the motion for summary judgment and in her brief on appeal, she essentially argues that the summary judgment that was granted is "premature and invalid" and that she should have been allowed the opportunity to appeal the dismissal of her claims in the main demand before summary judgment *1001 was granted on the reconventional demand. Riedel further contends that if the two companion appeals are reversed, her defenses of "fraud, redhibition, failure to disclose" asserted in her main demand also serve as affirmative defenses to the reconventional demand. In support of these contentions, Riedel relies on the exhibits, adopted "in toto, " which she offered in opposition to the motions for summary judgment on the merits of the main demand.[7]
As to Riedel's contentions that any grant of summary judgment and appeal on the reconventional demand is premature, we note that all three motions for summary judgment were set for hearing on August 28, 2017. A review of the transcript reveals that the matters were called for hearing and appearances were made.[8] The trial court granted the motions for summary judgment and dismissed Riedel's claims against all defendants on the main demand, then proceeded to address the Calis's motion for summary judgment on their reconventional demand. During this hearing, no objection was made by Riedel to the trial court hearing the motion for summary judgment on the reconventional demand. Given the absence of any objection to the trial court hearing the motion, we find no merit to her complaint that the motion was heard prematurely.
Moreover, to the extent that Riedel relies on the affirmative defenses of "fraud, redhibition, failure to disclose," which were asserted in her main demand against Fenasci, Yarborough, and the Calls, we have found no error by the trial court in dismissing those claims and have affirmed the granting of summary judgment in the companion appeals to this matter. See Riedel v. Fenasci, 2018-0539 (La. App. 1st Cir. 12/28/18), --- So.3d ----, 2018 WL 6839564, and Riedel v. Fenasci, 2018-0540 (La. App. 1st Cir. 12/28/18), --- So. 3d ----, 2018 WL 6818716, also handed down this date. As such, any reliance on these claims as affirmative defenses cannot serve to create a material issue of fact herein.
Finally, to the extent that Riedel contends that this matter should be tried before a jury, we note that a request for trial by jury does not of itself preclude a motion for summary judgment. See American Bank & Trust Company in Monroe v. Carson Homes, Inc., 344 So.2d 456, 459 (La. App. 2nd Cir. 1977), writ denied, 346 So.2d 221 (La. 1977).
Because Riedel failed to offer any evidence to establish an affirmative defense to her liability on the note or to otherwise prove the existence of a triable issue of material fact as to her execution of the promissory note and credit deed, on de novo review, we find no error in the trial court's grant of summary judgment in the instant matter.
CONCLUSION
For the above and foregoing reasons, the September 20, 2017 judgment of the trial court, granting summary judgment in *1002 favor of plaintiffs-in-reconvention/appellees, Frank and Theresa Cali, and against Riedel, is hereby affirmed. Costs of this appeal are assessed to defendant-in-reconvention/appellant, Deborah Riedel.
AFFIRMED.
Higginbotham, J. Concurs.
McClendon, J. Concurs.

While we have set forth the pertinent underlying facts pertaining to the issues and judgment dismissing the reconventional demand, a full recitation of the underlying facts and procedural history of this case is contained in the companion opinion to this appeal, Riedel v. Fenasci, 2018-0540 (La. App. 1st Cir. 12/28/18), --- So.3d ----, 2018 WL 6818716, also handed down this date.

Fenasci was employed by Hollie Realty, L.L.C./RE/MAX Northshore.

Landon Yarborough, a nephew of Theresa Cali and a licensed real estate agent for Coldwell Banker/Bobby Tallo Realty, listed the unit for sale and was granted a specific power of attorney by the Calis to enable him to execute all documents necessary to sell the condominium.

The trial court signed judgments on October 4, 2017, granting summary judgment in favor of Frank and Theresa Cali as defendants, and on November 6, 2017, granting summary judgment in favor of Fenasci and Hollie Realty, L.L.C., which Riedel likewise appealed to this court, which are addressed in our opinions in these related appeals also handed down this date. See Riedel v. Fenasci, 2018-0539 (La. App. 1st Cir. 12/28/18), --- So.3d ----, 2018 WL 6839564, and Riedel v. Fenasci, 2018-0540 (La. App. 1st Cir. 12/28/18), --- So.3d ----, 2018 WL 6818716.

In Winston v. Hall, 2017-1097 at p. 5, the maker of the promissory note asserted affirmative defenses of lack of consideration, failure of consideration, fraud, and error or mistake, claiming that he did not recall executing the promissory note and believed that it was either done by another person without his authorization, permission, or consent, or if it was signed by him, that it was done unwittingly and that any such signature was procured by fraud, error or consent. This court found that genuine issues of fact remained as to whether the note was executed by the maker or whether his consent was vitiated pursuant to LSA-C.C. art. 1948. Thus, this court concluded that summary judgment was not appropriate. Cf. American Bank v. Saxena, 553 So.2d at 845-846, where the maker of the promissory note's allegations of fraud, deceit, and misrepresentation were not directed at any invalidity in the confection of the notes or mortgages sued on, but instead were asserted as a separate cause of action in his reconventional demand against the bank for damages involving allegations of wrongdoing grounded in tort, the court found that there was no genuine issue of fact concerning his liability on the notes, and that his reconventional claims for damages could not be urged to off-set the bank's claims on the notes.

Riedel contended that she had to leave the condo because of "the mold problem" and that she could not afford to pay the note and rent.

The exhibits Riedel offered in opposition to the motions for summary judgment on the merits included: (1) deposition excerpts of Riedel; (2) Brunet's Home Inspection Authorization and Agreement; (3) photos of Riedel; (4) letter from State Farm dated September 10, 2014; (5) deposition excerpts of Dale Brunet; (6) Brunet's Home Inspection Report; (7) Colonial Inspection Services Mold Inspection Report; (8) Certificate of Mold Analysis; (9) Property Inspection Response Form; (10) photos of the property; (11) the affidavit of Dale Brunet; (12) the affidavit of Julie Hufft; (13) the affidavit of Dr. Kelvin Contreary; (14) the affidavit of Johnny Womack: and (15) the affidavit of Riedel.

In calling the motions for summary judgment before the court, the trial court referenced the matters as the "the triple motion for summary judgment."