NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0214 R

CONSUMER SOLUTIONS, LLC

VERSUS

THEODORE R. THOMPSON

Judgment Rendered: ___JUL 2 2 2021___

* * * * * * *

APPEALED FROM THE SIXTEENTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. MARY
STATE OF LOUISIANA
DOCKET NUMBER 124496

HONORABLE GREGORY P. AUCOIN, JUDGE

* * * * * * *

| | |
|---|---|
| Jason R. Smith<br>Monroe, Louisiana | Attorneys for Plaintiff/Appellant,<br>GMAT Legal Title Trust 2014-1,<br>U.S. Bank National Association,<br>As Legal Title Trustee |
| Marc R. Michaud<br>New Orleans, Louisiana | Attorney for Defendant/Appellee<br>Lashanda Kemp Knight, Independent<br>Testamentary Executrix of the<br>Succession of Theodore R.<br>Thompson, Jr. |

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

This is a suit on a promissory note, on remand from the Louisiana Supreme Court. After review, we reverse and render judgment.

## FACTS AND PROCEDURAL HISTORY

Consumer Solutions, LLC filed suit against the defendant, Theodore R. Thompson, maintaining that Mr. Thompson had defaulted on a promissory note and that it was entitled to enforce the note. Mr. Thompson's daughter, Lashanda Kemp Knight, was thereafter substituted as defendant as the independent testamentary executrix of his succession. GMAT Legal Title Trust 2014-1, U.S. Bank National Association, As Legal Title Trustee (GMAT) was substituted as plaintiff. The case proceeded to trial. Afterward, the trial court found that GMAT had failed to establish its right to enforce the note against the succession and dismissed the suit with prejudice. This court affirmed that judgment. **Consumer Solutions LLC v. Thompson**, 2019-0214 (La. App. 1 Cir. 9/2/20), 2020 WL 5229434 (unpublished).

GMAT filed a supervisory writ with the Louisiana Supreme Court, which granted the writ. The Louisiana Supreme Court found that GMAT successfully made a *prima facie* case of its right to enforce the note. It reversed this court's judgment and remanded the case to this court for consideration of the affirmative defenses raised by Ms. Knight on behalf of the succession. **Consumer Solutions, LLC v. Thompson**, 2020-01359 (La. 2/9/21), 309 So.3d 730 (per curiam).

## THE AFFIRMATIVE DEFENSES

Ms. Knight raised nineteen affirmative defenses: fraud; lack of standing; no payment supporting equitable lien/subrogation; unauthentic endorsements; lack of default; res judicata/estoppel; quasi-estoppel; failure to comply with federal loan servicing requirements; failure to perform a condition precedent; HUD violations;

2

illegal charges added to balance; unclean hands; violation of the Fair Debt Collection Practices Act; violation of the Truth-In-Lending Act; violation of the Real Estate Settlement and Procedures Act; violation of the Home Ownership Equity Protection Act; lack of notice of assignment, sale, or transfer of servicing; abuse of process; and collateral source payments. As GMAT has made a *prima facie* case of its right to enforce the note, the burden then shifted to Ms. Knight to prove any affirmative defenses. See **Hancock Bank of Louisiana v. C & O Enterprises, LLC**, 2014-0542 (La. App. 1 Cir. 12/23/14), 168 So.3d 595, 599, writ denied, 2015-0625 (La. 5/22/15), 171 So.3d 251.

The first affirmative defense is fraud. Ms. Knight maintains that GMAT is not the real party in interest and has not established that it is the holder of the note. As it has been determined that GMAT has established its right to enforce the note against the succession, this defense has no merit. See **Consumer Solutions, LLC v. Thompson**, 309 So.3d at 730-731.

The second affirmative defense is a lack of standing. Ms. Knight maintains that GMAT is not a real party in interest and lacks standing to move forward with a foreclosure action. As it has been determined that GMAT has established its right to enforce the note against the succession, this defense has no merit. See **Consumer Solutions, LLC v. Thompson**, 309 So.3d at 730-731.

The third affirmative defense is that there is "No Payment Supporting Equitable Lien/Subrogation." In this defense Ms. Knight maintains that GMAT failed to show an ownership interest in the note. As it has been determined that GMAT has established its right to enforce the note against the succession, this defense has no merit. See **Consumer Solutions, LLC v. Thompson**, 309 So.3d at 730-731.

The fourth affirmative defense is unauthentic endorsements. Ms. Knight

3

denied the authenticity of every endorsement on the note and mortgage. As noted earlier, it has been determined that GMAT has established its right to enforce the note against the succession. See **Consumer Solutions, LLC v. Thompson**, 309 So.3d at 730-731. Further, at the trial, Keywanda Kemp (Mr. Thompson's daughter, and Ms. Knight's sister) testified that she remembered when Mr. Thompson bought the house and acquired the mortgage. She testified that she was present at the closing and was present when he signed all the documents. Thus, the testimony of Ms. Knight's witness, Ms. Kemp, established that Mr. Thompson signed the documents. Ms. Knight failed to prove this affirmative defense.

The fifth affirmative defense is lack of default. Ms. Knight maintains that GMAT failed to show a default as required by the note. The note provides that:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

GMAT presented the testimony of Roger Martin, custodian of records for Rushmore Loan Management Services, LLC (Rushmore), the mortgage servicer. Mr. Martin testified that he reviewed the file and the documents and reviewed the information for accuracy. He testified that Rushmore verified the information in the file. Mr. Martin testified that after the loan went into default, a demand letter was sent and the loan was accelerated. In the request for admissions sent to Ms. Knight, request for admission number one asked Ms. Knight to admit or deny that the demand letter dated January 20, 2012, attached as Exhibit A was received. Ms. Knight answered that the demand letter attached as Exhibit A was addressed to Ms. Knight's father, who was now deceased, and that Ms. Knight had no way of knowing whether it was sent or received. Thus, while Ms. Knight maintained in this affirmative defense that no notice of demand was given, she admitted in her

4

response to the requests for admission that the notice of demand was addressed to her father, and thus she had no way of knowing whether it was sent or received.[1] Ms. Knight failed to prove this affirmative defense.

The sixth affirmative defense is res judicata/estoppel. Ms. Knight maintains that the note is non-negotiable paper and that GMAT does not have the rights of a holder in due course. As it has been determined that GMAT has established its right to enforce the note against the succession, this defense has no merit. See **Consumer Solutions, LLC v. Thompson**, 309 So.3d at 730-731.

The seventh affirmative defense is quasi-estoppel. Ms. Knight maintains that she believed that the loan would be paid off by a mortgage insurance policy and that a modification of the loan or other loss mitigation options would be afforded to her. No documentary evidence of a mortgage insurance policy was presented by Ms. Knight. There was no documentary evidence presented to show payments for a mortgage insurance policy, correspondence with a mortgage insurance company, or any payments made by a mortgage insurance policy to pay off the loan. Further, while Ms. Knight did apply for a loan modification with Rushmore, she did not produce evidence of a loan modification agreement reached with Rushmore, nor did she produce any canceled checks or statements to show that any payments were made on a modified loan. Mr. Martin testified that a loan modification application was received from Ms. Knight, but that he did not know the outcome of the application. This affirmative defense was not proven.

The eighth affirmative defense is failure to comply with federal loan servicing requirements. Ms. Knight maintained that GMAT or its predecessor in interest failed to act in good faith or deal fairly with her as it was required to

---

[1] While the demand letter is not found in the record before us on appeal, Ms. Knight acknowledged in her Answers to Plaintiff's Written Discovery Requests that it was attached as Exhibit A to the Request for Admissions.

complete pre-foreclosure counseling for her. Ms. Knight testified at the trial that the loan payments were not made for some time after Mr. Thompson died because she believed that a mortgage insurance policy would pay off the loan. Ms. Kemp testified in conformity with Ms. Knight's testimony. Ms. Knight also testified that she knew that the loan went into foreclosure twice. Ms. Knight admitted on cross-examination that she applied for a modification of the loan with Rushmore. Thus, it appears that she was made aware of an option to modify the loan. We find that Ms. Knight failed to prove as an affirmative defense that GMAT or its predecessor in interest failed to act in good faith or deal fairly with her or that it was required to provide pre-foreclosure counseling to her and failed to do so.

The ninth affirmative defense is failure to perform a condition precedent. Ms. Knight maintains that GMAT or its predecessor in interest sought to enforce an agreement through foreclosure when it had failed to perform under the "terms and conditions" of the agreement, which barred it from claiming a default. Ms. Knight does not specify in this affirmative defense the terms and conditions of the agreement that GMAT or its predecessor in interest failed to perform. Thus, this affirmative defense is vague and was not proven.

The tenth affirmative defense is "HUD Violations." Ms. Knight maintains that the mortgage is subject to the federal Single-Family Loan Insurance Program, and that GMAT or its predecessor in interest failed to comply with the requirements of that program. In this affirmative defense, Ms. Knight maintains, among other things, that GMAT or its predecessor in interest denied Ms. Knight access to mortgage servicing options to avoid foreclosure of the property.

Ms. Knight testified that after Mr. Thompson died, she did not start making mortgage payments right away because she believed mortgage insurance would pay off the mortgage. Ms. Kemp also testified that she believed there was

6

mortgage insurance that would pay off the house. Thus, the testimony at trial established that the note was not paid for some time due to a belief by Ms. Knight and Ms. Kemp that a mortgage insurance policy, the existence of which was never proven at trial, would pay off the loan. Further, Ms. Knight applied for a loan modification, so she clearly was aware of options to avoid foreclosure. We find that Ms. Knight failed to prove the affirmative defense of a violation of HUD regulations.

The eleventh affirmative defense is that illegal charges were added to the loan balance. Ms. Knight maintains that GMAT has charged for legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges that are not authorized by the note and mortgage. Item 7 of the note is titled "**BORROWER'S FAILURE TO PAY AS REQUIRED.**" Subpart (E) provides for "**Payment of Note Holder's Costs and Expenses.**" It provides that:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

At trial, GMAT presented the testimony of Roger Martin, an employee of the mortgage servicer. Mr. Martin testified that the loan went into default on July 1, 2009. He testified that Rushmore independently verified the information regarding the loan, including the variable interest rate, escrows, taxes that were paid, and foreclosure information. He testified that Rushmore looked at the transaction history, including the principal balance, interest breakdown for the adjustable-rate mortgage, and foreclosure fees, property inspection fees, property preservation costs, hazard insurance and taxes. Mr. Martin also testified regarding the property inspections that were undertaken and the property taxes that were paid. Those

7

amounts totaled an outstanding principal of $78,851.64; accrued interest of $45,693.81; foreclosure attorney fees of $1,257.50; foreclosure costs of $3,134.00; property inspection fees of $982.80; property preservation costs of $415.00; advances for hazard insurance of $8,398.70; advances for property taxes of $20,321.06; with credit for a suspense balance of $2,846.27; with a grand total of $156,208.24. Ms. Kemp offered no evidence at trial that any of these charges were prohibited by law. This affirmative defense was not proven at trial.

The twelfth affirmative defense is the doctrine of unclean hands. Ms. Knight maintains that GMAT has unclean hands because of its improvident and predatory failure to comply with material terms of the mortgage and note, as well as federal regulations. She further maintains that acceleration of the note would be inequitable, unjust, and unconscionable. Ms. Knight failed to prove at trial that GMAT did not comply with the material terms of the mortgage and note, or that it did not comply with federal regulations. Thus, this affirmative defense was not proven.

The thirteenth affirmative defense is violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. Ms. Knight maintains that GMAT violated the Fair Debt Collection Practices Act because it did not have standing to enforce the note. It has already been determined that GMAT has standing to enforce the note. See **Consumer Solutions, LLC v. Thompson**, 309 So.3d at 730-731.

Further, Ms. Knight maintains that GMAT or its predecessor in interest engaged in conduct to harass, oppress, and abuse her by falsely representing the character, amount or status of the debt, and other means. As earlier stated, Mr. Martin testified for Rushmore as to the veracity of the specific charges and fees involved and the total amount owed on the note. Ms. Knight failed to prove at trial that the character, amount, and status of the debt were falsely represented, or that

she was harassed, oppressed, or abused by GMAT or its predecessor in interest. Thus, this affirmative defense was not proven.

The fourteenth affirmative defense is violation of the Truth-In-Lending Act, 15 U.S.C. §1601, et seq. In this affirmative defense, Ms. Knight maintains that GMAT or its predecessor failed to provide the required disclosures, failed to explain the type of mortgage that was provided, mislead Mr. Thompson into believing that he purchased "credit life insurance" on the loan, and failed to provide notice of assignment of the loan. Ms. Knight testified that because of the age of her parents, she told them to "get a policy" in case of death. Ms. Kemp testified that she was present at the closing with her father, and that she was present when he signed the documents. She testified that there was an insurance policy so that "if anything would happen to him" the house would be paid off. No evidence was presented at trial to prove that the required disclosures were not provided to Mr. Thompson, that the type of mortgage that was provided was not explained, that Mr. Thompson was misled into believing that he had purchased mortgage insurance, that there were payments made for a mortgage insurance policy, or that notice of the assignment of the loan was not provided.[2] This affirmative defense was not proven at trial.

The fifteenth affirmative defense is violation of the Real Estate Settlement and Procedures Act, 12 U.S.C. §2601. Ms. Knight maintains that costs and fees were misapplied to the loan, and that fees were charged that were not owed. Further, she maintained that GMAT or its predecessor in interest had accepted "fees, kickbacks and/or other things of value in exchange for referrals" of business.

---

[2] We note that Ms. Knight testified that after Mr. Thompson died his wife, Ms. Knight's mother (not identified by name in the record), still lived at the home. Ms. Knight testified that she did not live at the home, but that at some point her sisters moved into the home. Thus, Ms. Knight would not necessarily have received any notices sent to the home prior to the foreclosure. Ms. Knight was substituted as defendant in the suit, as the independent testamentary executrix of the succession after the foreclosure suit was filed.

9

Mr. Martin testified as to the accuracy of the statement introduced at trial regarding the charges and fees added to the loan and the total balance due on the loan. Ms. Knight did not introduce any evidence to rebut this evidence at trial. Nor was there evidence introduced of "fees, kickbacks, and/or other things of value in exchange for referrals" of business. This affirmative defense was not proven.

The sixteenth affirmative defense is violation of the Home Ownership and Equity Protection Act, 15 U.S.C. §1639, et seq. In this defense, Ms. Knight maintains that GMAT or its predecessor in interest violated "various provisions" of that act by "failing to make proper disclosures and committing intentional predatory lending by including prohibited terms." The vague allegations of this affirmative defense were not proven.

The seventeenth affirmative defense is a lack of notice of assignment, sale, or transfer of servicing of the note. In this defense, Ms. Knight maintains that GMAT did not claim the note and mortgage were assigned to it and failed to attach any such transfer. As it has been determined that GMA has established its right to enforce the note against the succession, this defense has no merit. See **Consumer Solutions, LLC v. Thompson**, 309 So.3d at 730-731.

The eighteenth affirmative defense is abuse of process. Ms. Knight maintains that GMAT has perverted the legal process and had no justification to foreclose upon the succession's property. As noted earlier, it has already been established that GMAT has established its right to enforce the note. See **Consumer Solutions, LLC v. Thompson**, 309 So.3d at 730-731. Ms. Knight testified that loan payments were missed for some time after her father died because she believed that mortgage insurance would pay off the balance of the loan and Ms. Kemp testified likewise. Ms. Knight has presented no evidence that GMAT perverted the legal process and had no justification to foreclose upon the

10

succession property. This affirmative defense was not proven at trial.

The nineteenth affirmative defense is collateral source payments. Ms. Knight demanded credit for all collateral source payments, including credit default insurance and credit default swaps, whether funded directly by insurance and/or indemnity agreement or indirectly paid or furnished by means of federal assistance.

As noted earlier, Mr. Martin testified to the accuracy of the balance of the loan and the fees in the statement dated May 31, 2018. As also noted earlier, Ms. Kemp testified that she attended the closing with her father. She testified that there was an insurance policy that would pay off the house if anything happened to her father. When asked if there was a copy of that policy, she testified that it "should be in the paperwork." She also testified that she called "Ocwen" (Ocwen Loan Servicing, LLC was the original lender) and that she was told that the house was paid off. However, no documentary evidence of mortgage insurance or a loan pay off was admitted into evidence.

Ms. Knight testified that she told her parents to purchase "a policy" to cover them in case of death. She admitted that loan payments were missed after her father died, stating that insurance was "in force." Ms. Knight testified the loan was modified to a reduced payment, and she then made payments. She testified that payments were made until the house was foreclosed.

On cross-examination Ms. Knight testified that she knew that two foreclosure proceedings were filed. In her responses to request for admission number three, Ms. Knight was asked to admit or deny that all of the required payments under the terms of the note and mortgage were made. She answered that the note and mortgage were executed by her father, and that she lacked sufficient information to provide a meaningful response. Request for admission number four asked her to admit or deny that the loan was due for July 1, 2009. She answered,

11

"See Response to Preceding Request." Ms. Knight provided no documentary evidence to support her claim that there was a mortgage insurance policy that should have paid off the loan. She produced no insurance policy, no correspondence, and no pay-off statement. Nor did she introduce evidence of any payments toward the loan. Further, there was no evidence introduced of any other credits that should have been applied to the loan balance. This affirmative defense was not proven at trial.

## CONCLUSION

After through review, we find that the affirmative defenses raised by Ms. Knight were not proven. Thus, for the foregoing reasons, the trial court judgment is reversed, and judgment is rendered in favor of GMAT and against Lashanda Kemp Knight, as independent testamentary executrix of the succession of Theodore R. Thompson, in the amount of $156,208.24. Costs of this appeal are assessed against Lashanda Kemp Knight, as independent testamentary executrix of the succession of Theodore R. Thompson.

**REVERSED AND RENDERED.**

12